OPINION OF THE COURT
Sidney Leviss, J.
On a motion by petitioner, State Farm Mutual Insurance Company, to stay arbitration herein, a hearing was directed to be held by order of the Honorable Alan Le Vine, dated February 13, 1985, with respect to whether there was in effect on the date in question a policy of insurance covering no-fault benefits.
After a hearing, the court finds the credible evidence to be that petitioner, State Farm, issued a liability insurance policy to Sam Bilarkis under the New York State Automobile Insurance Plan (Assigned Risk Plan) on a 1976 Dodge motor vehicle, effective as of May 2, 1984. Thereafter, a policy change request was received by the insurer, State Farm, from the producer, one Richard Villar, to add an additional car, a 1984 Renault Alliance, to the policy. The insured had a number of coverage options available on the policy, the premiums being dependent upon the option selected. The coverage selected was for comprehensive and collision coverage with a deductible of $500 each. The effective date of such coverage was August 8, *277 1984. This coverage does not cover for liability on a claim for a third person and there was no PIP (Personal Injury Protection) indorsement ever issued hereon. No insurance identification card was issued on the Renault motor vehicle by State Farm.
On September 12, 1984 there was a motor vehicle accident involving the Renault Alliance. Nancy Marino received medical care from the Victory Memorial Hospital, and the hospital now makes claim for payment for such treatment. Petitioner, State Farm, claims that there is no PIP indorsement on the insurance coverage for the Renault Alliance, and therefore State Farm is not responsible for payment of such claim.
The issue herein is whether such a policy which was issued by State Farm to Sam Bilarkis on the Renault Alliance motor vehicle can be validly issued in New York State without a PIP indorsement.
The New York Automobile Insurance Plan (Assigned Risk Plan) which has been approved by the Superintendent of Insurance of the State of New York, and is used in New York State, provides as follows:
Section 11 (F) (2) (a), (b) (1-4):
"2. Additional Vehicles
"Definition: A vehicle which is or, within 15 days, will be registered in the applicant’s name in the State of New York and the applicant has automobile liability insurance in force through this Plan on another vehicle(s).
"The producer of record may follow one of two procedures after he has ascertained from his records that a policy is in force.
"(a) Contact Insurer(s) Directly
"The producer may write directly to the assigned insurer giving a complete description of the additional vehicle using the Policy Change Request Form, and enclose a check or money order payable to the insurer for an amount equal to 30% of the annual premium or the pro rata premium for the remainder of the policy period, whichever is less.
"Upon receipt of such written request, the insurer shall issue the required identification card within the time limit prescribed in the Performance Standards established by the Committee.
"Under this procedure, if physical damage coverage is desired on the additional vehicle, and provided such additional *278 vehicle qualifies for physical damage coverage in accordance with Section 1 (d), the producer shall request that physical damage coverage be afforded on the additional vehicle by submitting such request in writing, using the Policy Change Request Form, to the insurer accompanied by a check or money order, payable to the insurer, for an amount equal to the pro rata physical damage premium for the remainder of the policy period or 30% of the annual premium, whichever is less. The coverage(s) requested shall become effective either in accordance with the provisions of the policy, or 12:01 a.m. on the day of receipt of the request in the office of the insurer, or if the request was submitted by certified mail, as of 12:01 a.m. on the day following the postmark date on the transmittal envelope, as affixed by the United States Postal Service, whichever is earlier. If the request is submitted by certified mail, the post office receipt number must be affixed to both the outside of the transmittal envelope and to the written request contained therein. No more than one request shall be submitted in the same envelope.
"(b) Producer Issue Temporary Identification Card For Private Passenger Vehicles Only
"The producer may use a special identification card preprinted to indicate that the card has been issued in the name of the New York Automobile Insurance Plan on behalf of an insurer to be designated by the Plan. This temporary identification card shall be a four part form to be used as follows:
"(1) The original copy shall be retained by the applicant as a temporary identification card.
"(2) The second copy shall be submitted to the Motor Vehicle Issuing Office and shall be mailed to the Plan by the Issuing Office, indicating the date on which the registration was issued. If the vehicle is already registered, the insured shall also retain the second copy.
"(3) The third copy shall be mailed to the Plan on the preparation date by the producer.
"(4) The fourth copy shall be retained by the producer of record.
"The producer will then be required to complete the Policy Change Request Form and forward both the company copy and company acknowledgement copy directly to the previously assigned insurer together with the appropriate deposit premium check. Within the time period provided for in the *279 Performance Standards established by the Committee, the assigned insurer shall date stamp the company acknowledgement copy and return same to the producer of record. When an identification card is issued by the producer of record for an additional private passenger vehicle in accordance with this procedure, the physical damage coverage is also desired on the additional private passenger vehicle, the deposit premium check shall include the required deposit for the physical damage coverage(s). Coverage shall be effective in accordance with the provisions of the policy or upon the issuance of a legal registration by a New York Motor Vehicle Issuing Office, whichever is earlier.”
Section 11 (A) (Assigned Risk Plan) provides as follows: "A. A risk applying for liability coverage only, physical damage coverage only, or both liability coverage and physical damage coverage under the Plan must submit the prescribed application form to the Plan in duplicate accompanied by the appropriate deposit premium specified below”.
There was no other proof adduced herein other than that Mr. Bilarkis, through his agent Mr. Villar, requested only physical damage (comprehensive and collision) coverage with a $500 deductible on his 1984 Renault Alliance motor vehicle from the insurer, State Farm, pursuant to section 11 (A).
It appears from the plain language above that "a risk” may apply for liability coverage only or physical damage coverage only (comprehensive and collision coverage) or both liability coverage and physical damage coverage under the Plan. Therefore, "a risk” may choose either or both of the coverages under the Plan or procure liability coverage from another carrier or procure physical damage coverage from another carrier. The option of choice is given to "the risk”. Therefore, "the risk” may, as was done here, procure only physical damage coverage from State Farm. There was no proof offered as to what carrier, if any, issued liability coverage, or if none, how Mr. Bilarkis registered his car. Therefore, same remains unanswered and is not for consideration by this court.
The court therefore finds that there was no liability coverage and no no-fault coverage with respect to the Renault Alliance by State Farm Mutual Automobile Insurance Company, and accordingly, grants the motion to permanently stay the arbitration herein.